**George Amos WOODS,
Defendant-Appellant,**

v.

**STATE of Missouri,
Plaintiff-Respondent.**

**No. 44950.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1982.

Motion for Rehearing and/or Transfer
Denied Oct. 15, 1982.

Douglas L. Levine, Maryland Heights, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an action in which the movant, George Amos Woods, appeals from the judgment of the circuit court for the City of St. Louis denying his Rule 27.26 motion for post-conviction relief. The judgment is affirmed.

On November 17, 1980, George Amos Woods pleaded guilty to a reduced charge of robbery in the second degree. The prosecution recommended a sentence of eight years imprisonment. After a presentence investigation, the trial court imposed the eight-year sentence.

On May 18, 1981, Woods filed a Rule 27.26 motion, claiming that his sentence should be vacated because it resulted from an involuntary guilty plea. The movant alleged that the state promised to reduce the robbery charge to a lesser degree if he would plead guilty. Woods further alleged that he was told by his counsel that he would receive a five-year prison sentence, instead of eight. Movant claimed that he would not have entered the guilty plea but for the promise of a five-year sentence. Therefore, movant contended his plea was involuntary.

The transcript of the plea and sentencing hearing reveals that movant and his counsel were fully aware of the eight-year sentence recommended by the prosecution and of the discretion of the court in choosing to impose it. No objections were made by either the movant or his counsel, and no attempt was made to withdraw the guilty plea. In fact, the defendant agreed that the sentence was fair and denied that any promises, threats or inducements had been made by any governmental official to lead him to plead guilty.

An extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P.J., and CRIST, J., concur.